IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § § | |
| Plaintiff | § § | |
| v. | § § § | NO. 1:04-CV-0727 |
| CLARENCE NEWAL YARBROUGH, YARBROUGH'S DIRT PIT, INC. d/b/a YARBROUGH'S MATERIAL & CONSTRUCTION, and MARILYN WALL, Individually and as Personal Representative of THE ESTATE OF CARL W. WALL, DECEASED, | § § § § § § § § § § | |
| Defendants | § | |

**PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY
OF TONY SCHRADER AND BRIEF IN SUPPORT THEREOF**

Plaintiff Mid-Continent Casualty Company ("Mid-Continent") files this Motion to Exclude Testimony of Tony Schrader and Brief in Support thereof, and would respectfully show the Court as follows:

I.   **SUMMARY OF THE ARGUMENT**

Defendants Clarence Newal Yarbrough, Yarbrough's Dirt Pit, Inc. d/b/a Yarbrough's Material & Construction (collectively, "Yarbrough") have designated Mr. Tony Schrader, an attorney, to provide expert testimony in this case. The opinions offered by Mr. Schrader all concern whether coverage is available to Yarbrough under insurance policies issued by Mid-Continent. The interpretation of contracts, including

insurance policies, presents questions of law to be determined by the Court. Because testimony regarding legal issues will not assist the fact finder in determining factual questions presented in this case, Mr. Schrader's testimony is irrelevant and improper, and should be excluded. In the alternative, to the extent the Court allows Mr. Schrader to testify regarding legal issues, Mid-Continent requests leave to designate its own expert on the same topics.

## II.   STATEMENT OF MATERIAL FACTS

This declaratory judgment action arises from an underlying lawsuit in which Marilyn Wall alleged that Yarbrough built a commercial railroad spur for materials handling in Sour Lake, Texas, in close proximity to her home. In its operation of the spur, Yarbrough allegedly made loud noises and caused dust and vibrations to emanate onto the Wall's property, causing the damages alleged by Mrs. Wall.

The issue presented in the instant case involves whether defense and indemnity coverage is available to Yarbrough for the underlying lawsuit under insurance policies issued by Mid-Continent. Thus, this declaratory judgment action turns on the interpretation of insurance policies in light of the allegations contained in the underling petition. Because the determination of whether coverage is available under the policies presents questions of law to be determined by the Court, expert opinions on that issue are improper.

### III. ARGUMENT AND AUTHORITIES

**A.    The testimony of Mr. Schrader does not meet the standard for admissibility of expert testimony.**

Rule 702 of the Federal Rules of Evidence states that expert testimony is admissible if it will assist the trier of fact in determining a fact in issue in the case. Specifically, Rule 702 states that

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. Thus, expert testimony is relevant only if it is tied to the facts of the case and will aid the jury in resolving a factual dispute. *United States v. Downing*, 753 F.2d 1224, 1242 (3d Cir. 1985).

Once the admissibility of the expert testimony is called into question, the proffering party bears the burden of proof that the witness meets the requirements of Rule 702. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998); *Florer v. Electronic Data Sys. Corp.*, No. Civ. 303CV1175H, 2004 WL 1562851 at *2 (N.D. Tex. July 13, 2004) (not designated for publication). Yarbrough, therefore, has the burden to show that Mr. Schrader's testimony is relevant to the issues in the case. Because Yarbrough cannot meet this burden, Mr. Schrader's testimony must be excluded.

1. **Because Mr. Schrader's proposed testimony is on pure issues of law, it is improper and irrelevant to this case.**

   a. **Expert testimony regarding the construction of insurance policies is improper.**

Tony Schrader, an attorney, has been designated as an expert in the field of insurance coverage. In that regard, he has provided opinions regarding the interpretation of certain provisions in the insurance policies issued by Mid-Continent. *See* Letter from Tony Schrader, P.C. to Gordon Pate, dated August 15, 2005, attached hereto as Exhibit A. Specifically, Mr. Schrader will opine that coverage is available under the applicable insurance policies and that no exclusions apply. In his report, Mr. Schrader states that

> There is coverage under the policy that is at question in the above captioned litigation. I arrived at this conclusion by analyzing the policy and the pleadings in light of the Texas eight corners rule. This policy covers the sort of allegations (negligence) that are contained in the pleadings. As pled no exclusions apply. I will discuss the specific exclusions that are issue here later.

The construction of an insurance policy, like other written contracts, is a question of law to be determined by the Court. *Venture Encoding Serv., Inc. v. Atlantic Mut. Ins. Co.*, 107 S.W.3d 729, 733 (Tex. App.—Fort Worth 2003, pet. denied); *see also Forrest Creek Assoc., Ltd. v. McLean Sav. and Loan Assoc.*, 831 F.2d 1238, 1242 (4th Cir. 1987). Matters of law are not proper subjects of expert opinion. *Specht v. Jensen*, 853 F.2d 805, 807-809 (10th Cir. 1988); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *Schauer v. Memorial Care Sys.*, 856 S.W.2d 437, 451 (Tex. App.—Houston [1st Dist.] 1993, *rev'd on other grounds, Huckabee v. Time Warner Entertainment*, 19 S.W.3d 413 (Tex. 2000). Thus,

the coverage afforded by an insurance policy is not subject to interpretation by an expert witness. *Cluett v. Medical Protective Co.*, 829 S.W.2d 822, 827 (Tex. App.—Dallas 1992, writ denied); *St. Paul Ins. Co. v. Rahn*, 641 S.W.2d 276, 284 (Tex.App.—Corpus Christi 1982, no writ); *Texas Lloyds v. Laird*, 209 S.W.2d 937, 940 (Tex.Civ.App.—Galveston 1948, writ disms'd).

The expert opinions offered by Mr. Schrader all pertain to the interpretation of the insurance policies issued by Mid-Continent. Based on the foregoing case law, his opinions regarding coverage is improper, as the Court is well-equipped to make these legal determinations.

      b.    **Testimony on legal issues is not relevant because it will not assist the trier of fact to determine a fact in issue.**

Under Rule 702, in order to be considered "relevant," testimony offered by an expert must assist the trier of fact to understand and determine a fact in question. Because Mr. Schrader's opinions all deal with the interpretation of an insurance policy, they do not pertain to any facts in question and will not be of any assistance to the trier of fact. Therefore, his testimony is not relevant and should be excluded from the trial of this case.

**B.**    **In the alternative, Mid-Continent requests that it be granted leave to designate an expert on the issues addressed by Mr. Schrader.**

As noted herein, the testimony to be provided by Mr. Schrader is on solely legal issues. Because expert testimony in that regard is improper, Mid-Continent did not designate its own expert on the meaning of the insurance policy. To the extent the

Court allows Mr. Schrader's testimony at the trial of this cause, Mid-Continent requests that it be granted leave to designate an expert on the same issues.

## IV.  CONCLUSION

The admission of expert testimony regarding the interpretation of the insurance policies at issue in this case is improper. Because legal questions present no issue of fact for the fact finder, testimony regarding those issues is irrelevant and improper under Rule 702.

For these reasons, Plaintiff Mid-Continent request that the Court grant this motion, and exclude Mr. Tony Schrader from testifying at the trial of this cause, including the exclusion of evidence of any report, work paper or deposition testimony of Mr. Tony Schrader. In the alternative, to the extent the Court allows Mr. Schrader's testimony, Mid-Continent requests that it be allowed to designate its own expert on the meaning of the insurance policy, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Charles J. Cain*
Charles J. Cain
State Bar No. 00796292

OF COUNSEL:

Paul J. Van Osselaer
State Bar No. 20451500
Rebecca DiMasi
State Bar No. 24007115
VAN OSSELAER, CRONIN & BUCHANAN L.L.P.
9600 Great Hills Trail, Suite 300 West
Austin, Texas 78759
512.225.2800
512.225.2801 - Fax
ATTORNEYS FOR PLAINTIFF
MID-CONTINENT CASUALTY COMPANY

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on September 27 and 29, 2005, counsel for Plaintiff attempted to contacted counsel for Defendant regarding the substance of this motion via telephone. No response was received to counsel for Plaintiff's call, likely due to damage to the phone system caused by the recent hurricane.

_____
Rebecca DiMasi

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 29th day of September, 2005, as follows:

*Via Certified Mail/RRR and Email Transmission*
Karen L. Spivey
Gordon R. Pate
470 Orleans Building, Suite 1201
Beaumont, Texas 77701
*Counsel for Defendants*

*Via Certified Mail/RRR and Email Transmission*
David P. Wilson
Matthew C. Matheny
**PROVOST & UMPHREY LAW FIRM**
P. O. Box 4905
Beaumont, Texas 77704-4905

_____
Rebecca DiMasi

# Tony Schrader, P.C.

Tony Schrader *  
Attorney/Arbitrator  
* Licensed in IA & TX

604 Lime Rock Drive  
Round Rock, TX 78681

Office   (512) 255-0043  
Fax      (512) 255-6627  
E-Mail  TLSchrader@aol.com

August 15, 2005

Gordon R. Pate  
Pate & Spivey, L.L.P.  
470 Orleans Building - Suite 1201  
Beaumont, Texas 77701

RE:    Civil Action No. 1:04CV0727; Mid Continent Casualty Company vs. Clarence Newel Yarbrough and Yarbrough's Dirt Pit, Inc. d/b/a Yarbrough's Material & Construction; In The United States District Court, Eastern District of Texas, Beaumont Division

Dear Mr. Pate:

    Enclosed you will find a copy of my curriculum vitae, which outlines my background and qualifications. You will also find enclosed a listing of the cases where I have testified as an expert, either by deposition or trial testimony, within the preceding four years. This will confirm that I am being paid at the rate of $250.00 per hour to study materials and $375.00 per hour to testify, either by deposition or at trial, in the above caption matter.

    You have asked me to review materials and render my opinion in the above captioned case. In forming my opinions I have reviewed the following materials:

1. Plaintiffs Original Petition in Cause No. 2949, Styled Carl W. Wall and Marilyn Wall vs. Newal Yarbrough, Individually and dba Yarbrough's Material & Construction in the County Court of Hardin County, Texas;
2. Plaintiffs Original Petition in Cause No. 38,628, Styled Carl W. Wall and Marilyn Wall vs. Newal Yarbrough, Individually and dba Yarbrough's Material & Construction in the 356th District Court of Hardin County, Texas;
3. Plaintiffs Second Amended Petition in Cause No. 38,628, Styled Carl W. Wall and Marilyn Wall vs. Newal Yarbrough, Individually and dba Yarbrough's Material & Construction in the 356th District Court of Hardin County, Texas;
4. Mid-Continent Casualty Company's letter to Mr. Yarbrough dated November 17, 1998;
5. Mid-Continent Casualty Company's letter to Mr. Yarbrough's original attorney, Mr. Fred Jackson, dated March 30, 1999;
6. Mid-Continent Casualty Company's Original Complaint for Declaratory Relief in Civil Action No.1: 04CV0727, Mid-Continent Casualty Company vs. Clarence Newal Yarbrough and Yarbrough's Dirt Pit, Inc., D/B/A Yarbrough's Material & Construction;
7. Joint Rule 26 Conference Report dated March 23, 2005 in Civil Action No.1: 04CV0727, Mid-Continent Casualty Company vs. Clarence Newal Yarbrough and Yarbrough's Dirt Pit, Inc., D/B/A Yarbrough's Material & Construction.

EXHIBIT A

8. Defendant's Answers to Interrogatories, Responses to Request for Production and Responses to Request for Admissions in Civil Action No.1: 04CV0727, MidContinent Casualty Company vs. Clarence Newal Yarbrough and Yarbrough's Dirt Pit, Inc., D/B/A Yarbrough's Material & Construction.

9. Mid-Continent Casualty Company's First Amended Complaint for Declaratory Relief Civil Action No.1: 04CV0727, Mid-Continent Casualty Company vs. Clarence Newal Yarbrough and Yarbrough's Dirt Pit, Inc., D/B/A Yarbrough's Material & Construction;

10. Plaintiffs Objections and Responses to Defendants' First Request for Production which include the following documents:
Mid-Continent Commercial Lines Policy for the policy periods of August 27, 1997 to August 27,1998; August 27,1998 to August 27,1999; August 27,1999, to August 27,2000; August 27, 2001 to August 27,2002; August 27, 2002 to August 27, 2003; August 27,2003 to August 27,2004;

11. Mid-Continent General Liability Policy period August 27, 1996 to August 27, 1997, obtained from Mr. Yarbrough, which were not furnished to us by the Plaintiff's attorney;

12. Mid-Continent General Liability Policy period August 27, 2000 to August 27, 2001, obtained from Mr. Yarbrough, which were not furnished to us by the Plaintiff's attorney;

13. Mid-Continent Umbrella Policy (Commercial Excess) period November 8, 1996 to November 27, 1997, obtained from Mr. Yarbrough;

14. Mid-Continent Umbrella Policy (Commercial Excess) period August 27, 1997 to August 27,1998, obtained from Mr. Yarbrough;

15. Mid-Continent Umbrella Policy (Commercial Excess) period August 27, 1998 to August 27,1999, obtained from Mr. Yarbrough;

16. Mid-Continent Umbrella Policy (Commercial Excess) period August 27, 1999 to August 27,2000, obtained from Mr. Yarbrough;

17. Mid-Continent Umbrella Policy (Commercial Excess) period August 27, 2000 to August 27,2001, obtained from Mr. Yarbrough;

18. May 18, 2005 letter together with Plaintiff's Objections to Defendants' Request for Admissions; and

19. Absolute Pollution Exclusion? "Not" - Say the Courts by, Barry Fleishman Volume 12, Number 2, March/April 2004, Issue of COVERAGE.

My opinions in the above captioned matter are as follows.

1. There is coverage under the policy that is at question in the above captioned litigation. I arrived at this conclusion by analyzing the policy and the pleadings in light of the Texas eight corners rule. This policy covers the sort of allegations (negligence) that are contained in the pleadings. As pled no exclusions apply. I will discuss the specific exclusions that are issue here later.

2. The reservation of rights letters sent by the Mid-Continent Casualty Company, hereinafter Mid-Continent, were ineffective because they did not state with specificity the grounds relied on at a time when that information could have been used by the insured. These letters refer to some provisions in the insurance contract however it now appears that the company is relying upon another provision (pollution clause). Had the insureds known of the other grounds for the reservation of rights which the company was asserting they might have engaged other counsel to do other tests through experts which would have been helpful.

3. Mid-Continent apparently is relying on the pollution clause in the policy without referring to the pollution clause in the endorsement. The plain reading of the endorsement is that it changes the language relied upon by Mid-Continent. The plain reading of the endorsement would provide coverage for this claim. At a minimum the two clauses create an ambiguity which should be construed in favor of coverage.

4. The expected and intended injury clause should not apply to this fact situation. The damages alleged could not be expected or intended from the standpoint of the insured. Here the insured was engaged in a profit making (hopefully) undertaking which had nothing to do with the alleged damages. There is nothing inherent or obvious in this profit making undertaking which would give rise to these damages. There is nothing in the materials provided to me which would indicate that the insured should have known, deduced, or in any other way concluded that the alleged injury or damage would flow from his undertaking.

5. The loss in question was not known at the time the policy was taken out. I can find nothing in any information that was presented to me that indicates that this loss was known to the insured. While it is true that the insured knew that it was a business, it cannot be concluded that the insured knew of the loss. In point of fact, the sorts of allegations that have been raised here are of damage flowing from dust. Dust is common in our society. It is not known to cause damages in and of itself. The fact that some dust flows from operations is not notice to the insured of a possible loss.

6. The pollution exclusion in this policy with it's endorsements does not apply to the fact situation that is at issue in the underlying litigation. As such there is no exclusion for the extension of coverage by Mid-Continent and coverage should be provided. Ordinary dust emanating from the handling of rock such as that which is at issue here is simply not a pollutant. This dust is a commonly occurring natural product. It is not a pollutant. There is no cleanup associated with dust of this sort. The reason is that one would never know when the cleanup had been accomplished since this dust is so common. The contract provisions at issue here were meant to apply to pollutants that do not occur naturally and foul the atmosphere. As such these pollutants when they escape into the atmosphere would have to be cleaned up. This is simply not true of dust. The underlying plaintiff did not allege that pollution caused the damage. Neither the word pollution nor a synonym is used in any of the pleadings. There is no request for damages for any cleanup. There is nothing to suggest that there is an ongoing pollution problem that would not go away if the defendant stopped its alleged negligent activity. This simply is not pollution. This is a negligence lawsuit.

I reserve the right to add to or change this opinion should I be presented with new and different information.

Sincerely,

Tony Schrader

TS/mjs